IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Casey Robinson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:25-cv-12935-BHH |
| v. ) | |
| ) | **ORDER** |
| Kathy White and Shana Peeler, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Casey Robinson's ("Plaintiff") *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On October 22, 2025, the Magistrate Judge issued an order directing Plaintiff to bring his complaint into proper form and informing Plaintiff that the failure to provide the necessary information may subject this case to dismissal. (ECF No. 10.) On November 17, 2025, the proper form order was returned to the Court as undeliverable with the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (ECF No. 14.)

On November 21, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 17.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections to the Report have been filed, and Plaintiff has not filed the required materials to bring his case into proper form. Plaintiff also has failed to keep the Court advised of his current address as required. After review, therefore, the Court agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 17), and the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 10, 2025
Charleston, South Carolina